IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PATRICIA ALEXANDER, ET AL. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 2:12-cv-161 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' ANSWER

Defendant, United States of America, responds to plaintiffs' complaint as follows:

### FIRST AFFIRMATIVE DEFENSE

The Internal Revenue Service has processed the amended returns filed by the taxpayer for the 2005 and 2006 income tax years and refunds have been issued for both years. Therefore, claims for refund alleged in the complaint are now moot.

### SECOND AFFIRMATIVE DEFENSE

The alleged negligence claims against the Internal Revenue Service for collection actions and failure to abate penalties based on a reasonable cause defense are barred by the applicable statute of limitations. *See* 26 U.S.C. §7433(d)(3). Therefore, the Court lacks jurisdiction to decide the remaining requests for penalties based on alleged negligence of the Internal Revenue Service. Even if the negligence claims were not barred by the statute of limitations, claims of negligence are limited to the lesser of actual direct damages and costs of the action or $100,000. *See* 26 U.S.C. §7433(b).

669684.2

**NARRATIVE INTRODUCTION**

Plaintiffs' complaint contains a lengthy introduction of the claim and assertion of jurisdiction. As stated above, the refund claims are moot and the Court lacks jurisdiction over the claims of negligence against the Internal Revenue Service. To the extent a response is required for any other factual allegations made in the introduction, the United States denies the allegations in the introduction. For its further answer, the United States responds to the enumerated claims of plaintiffs' complaint as follows:

1. The United States admits the Internal Revenue Service's automated system sent collection notices to the taxpayer. Subject to the affirmative defenses above, the United States is without sufficient information or knowledge to admit or deny the remaining factual allegations of negligence under 26 U.S.C. §7433. The remaining allegations contained in claim number 1 are denied. The amended tax returns for the 2006 tax year have been processed and a refund of $16,430.18 was issued to the taxpayer – which is in excess of the $16,390 alleged as owed in claim 1. Therefore, the refund demanded in claim 1 is now paid and the issue is moot.

2. Subject to the affirmative defenses above, the United States is without sufficient information or knowledge to admit or deny the remaining factual allegations of negligence under 26 U.S.C. §7433. The remaining allegations contained in claim number 2 are denied. The amended tax returns for the 2005 tax year have been processed and a refund of $24,664.03 was issued to the taxpayer – which is in excess of the $20,036.04 alleged as owed in claim 2. Therefore, the refund demanded is claim 2 is now paid and the issue is moot.

3. The United States admits that it received a reasonable cause defense request from the taxpayer, which was denied. Subject to the affirmative defenses above, the United States is without sufficient information or knowledge to admit or deny the remaining factual allegations

of negligence under 26 U.S.C. §7433. The remaining allegations contained in claim number 3 are denied. The Internal Revenue Service initially denied the request based on the facts involved. Despite her husband's alleged incapacity, the Supreme Court has held that the duty to properly file your tax returns cannot be delegated to an agent. *See United States v. Boyle*, 469 U.S. 241, 245 (1985). As part of its overall review of the taxpayer's accounts for this litigation, the Internal Revenue Service re-considered her defense and decided to abate all penalties subject to a reasonable cause defense. Therefore, any claim for refund based on the denial of reasonable cause is now moot.

      WHEREFORE, the United States of America requests that the Court dismiss plaintiffs' complaint as moot and barred by the applicable statute of limitations and grant it any other relief it deems appropriate.

DATE: October 24, 2012

KENNETH MAGIDSON
United States Attorney

/s/ Joshua Smeltzer
JOSHUA SMELTER
Attorney-in-charge for defendant
Department of Justice, Tax Division
Maryland Bar (Admitted - 28 U.S.C. §517)
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9735
(214) 880-9741 (FAX)
Joshua.D.Smeltzer@usdoj.gov

ATTORNEY FOR THE UNITED STATES

**CERTIFICATE OF SERVICE**

It is CERTIFIED that the foregoing UNITED STATES' ANSWER was served on October 24, 2012, via ECF filing and via U.S. Mail, postage pre-paid, addressed as follows:

Patricia Alexander
David Alexander
14214 Punta Bonaire Drive
Corpus Christi, Texas 78418

/s/ Joshua Smeltzer
JOSHUA D. SMELTZER

669684.2