UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| PATRICIA ALEXANDER, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 2:12-CV-00161 |
| § | |
| UNITED STATES, § | |
| § | |
| Defendant. § | |

## ORDER

Before the Court is the United States' Motion to Dismiss or for Partial Summary Judgment (D.E. 23) as supplemented (D.E. 25), along with the Alexanders' Response and Counter-Motion (D.E. 27, 28) as corrected (D.E. 29) and the United States' Reply to same (D.E. 38). For the reasons set out below, the United States' Motion (D.E. 23) is DENIED and the Alexanders' Motion (D.E. 27, 28) is DENIED.

Patricia Alexander and her husband, David Alexander, brought this suit against the United States (Government) to adjust income tax assessments and obtain refunds of taxes paid by Patricia Alexander for tax years 2004, 2005, and 2006. D.E. 1. The Government seeks dismissal of the Alexanders' claims on three bases: (1) failure to exhaust administrative remedies; (2) lack of standing for David Alexander; and (3) claims being moot.

### A. Failure to Exhaust Administrative Claims

The Alexanders have filed this action *pro se* and this Court construes their filings liberally in the interest of justice. *Johnson v.* Atkins, 999 F.2d 99, 100 (5th Cir. 1993).

They bring this action pursuant to 26 U.S.C. § 7422 *et seq.* to claim a refund of taxes. More specifically, they complain of erroneous assessments, an erroneous lien on their real property, and the right to refund of taxes that were overpaid. D.E. 1. They cite 26 U.S.C. § 7433, but can also be considered to raise claims pursuant to 26 U.S.C. § 7426 for wrongful levy, 26 U.S.C. § 7430 for costs and fees, and 26 U.S.C. § 7432 for failure to release a lien. Each of these provisions requires exhaustion of administrative remedies.

The Alexanders pled both that they tried to resolve their claims administratively and that they had complied with all conditions precedent. D.E. 1. The Government did not specifically deny the completion of conditions precedent as required by Fed. R. Civ. P. 9(c), but filed their Motion alleging failure to exhaust administrative remedies. According to Treasury Regulations, an administrative claim is triggered by a letter containing information explaining the claim and, if not finally determined, is exhausted by the passage of at least six months. 26 C.F.R. § 301.7426-2(c), (d); 301.7433-1(d), (e).

Attached to the Government's Motion are copies of three letters that the Alexanders sent to the Area Director of the IRS in their region. The first two letters, for tax year 2005, dated August 25, 2011 (D.E. 23-5, p. 2) and for tax year 2006, dated October 14, 2011 (D.E. 23-5, p. 7), recite "This is our last effort to solve this administratively." They set out (1) Patricia Alexander's name, taxpayer identification number, and contact information; (2) the grounds of dispute; (3) a description of the

damages; (4) the dollar amount of the claim; and (5) her signature.[1]

While the Government complains of technical deficiencies in the letters, the Court finds that they substantially comply with the requirements of the regulations. Because six months had passed without a final IRS resolution before the Alexanders filed this action, they have exhausted their administrative remedies with respect to tax years 2005 and 2006 and this Court has jurisdiction to adjudicate their claims.[2] The Motion (D.E. 23) is DENIED with respect to the Government's argument that the Alexanders failed to exhaust their administrative remedies.

### B. David Alexander's Standing

The Government seeks dismissal of any claims brought by David Alexander because the taxes and penalties at issue were owed by Patricia Alexander alone. According to the Complaint, David Alexander is Patricia Alexander's current husband and is a "joint owner of all said properties mentioned in this suit." D.E. 1, p. 1. Patricia Alexander's prior husband died in 2006 and she married David Alexander in 2007. D.E. 1, p. 8; D.E. 27, p. 4. The Government argues that, because David Alexander is not the taxpayer at issue and did not file jointly with Patricia Alexander for the 2004-06 tax years, he does not have standing to bring this case.

Within the Government's briefing, it acknowledges that a nontaxpayer may bring a wrongful levy action as an owner of property being levied upon for another's taxes.

---

[1] The Government initially complained of a lack of signature, but supplemented their motion with information that additional copies of the letters had been found with proper signatures. D.E. 25).

[2] While the Complaint also includes allegations pertaining to tax year 2004, the parties agree that any dispute regarding that tax year has been resolved.

D.E. 23, p. 3, citing *EC Term of Years Trust v. United States*, 550 U.S. 429, 433 (2007). As discussed above, construing the Alexanders' Complaint liberally, it states a claim for wrongful levy. As the Government has failed to challenge David Alexander's property ownership interests, it has failed to raise a claim for lack of standing. The Court DENIES the Motion (D.E. 23) on the basis of its challenge to the standing of David Alexander to bring claims in this action.

### C. Whether the Claims are Moot

Last, the Government seeks dismissal of this action because the refund claims are moot. Apparently after this action was filed, the Government processed or re-processed Patricia Alexander's tax returns, determined that she was owed some refunds, and paid them. The Government, supported by admissions from the Alexanders, states that all claims for refunds for tax years 2004 and 2006 have now been resolved in the Alexanders' favor.

Neither this action nor the 2004 and 2006 tax year complaints are necessarily moot. The Alexanders' Complaint seeks more than the refunds that were due to them. They complain of negligent, reckless, and intentional conduct, seek damages to compensate for the difficulties they have endured in seeking redress, and ask for a release of lien and correction of IRS records to show timely payments. They also seek attorney's fees and "other relevant fees." D.E. 1, p. 18. These claims are not resolved by the Government's refund of amounts due for two of the three years at issue.

Furthermore, the tax year 2005 is not yet resolved. While the Government claims to be correct in its assessment of penalties for that year, the Court does not make that

determination in the context of this Motion to Dismiss and declines to convert it to a summary judgment motion. The Court DENIES the Motion (D.E. 23) on the basis of the Government's claim that the case is moot. In response to the Government's Motion, the Alexanders requested a partial summary judgment on the issue of the remaining penalties for the 2005 tax year. D.E. 27, 28. The Court DENIES summary judgment on both parties' motions (D.E. 23, 27, 28) without prejudice to either party to raise the issue in a separate motion.

## CONCLUSION

For the reasons set out above, the Court DENIES all relief requested in the United States' Motion to Dismiss or for Partial Summary Judgment (D.E. 23) and the Plaintiffs' Request for Partial Summary Judgment (D.E. 27, 28) without prejudice to either party to raise the issue of the propriety of penalties for the 2005 tax year in a separate motion.

ORDERED this 11th day of February, 2013.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE