UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| PATRICIA ALEXANDER, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 2:12-CV-00161 |
| § | |
| UNITED STATES, § | |
| § | |
| Defendant. § | |

## ORDER ON UNITED STATES' MOTION FOR SUMMARY JUDGMENT

Before the Court is the United States' Motion for Summary Judgment (D.E. 35). The United States re-urges its request for partial summary judgment that all amounts due to be refunded to Plaintiff Patricia Alexander (Taxpayer) for tax years 2004, 2005, and 2006 have been refunded. The United States further seeks an order dismissing the Plaintiffs'[1] damages claims for failure to exhaust administrative remedies, as barred by limitations, and as unauthorized by 26 U.S.C. § 7433. For the reasons set out below, the Motion is DENIED IN PART and GRANTED IN PART.

### FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

By previous Order (D.E. 41), the Court denied the United States' "failure to exhaust administrative remedies" defense. In its current Motion, it fails to provide any argument or authorities to support any contention that the Court's previous Order is incorrect. The Court declines to reconsider that Order. With respect to the issue of failure to exhaust administrative remedies, the Motion is DENIED.

---

[1] Plaintiff, David Alexander, is not a taxpayer with respect to the claims made in this case, which involve tax years prior to his marriage to Patricia Alexander. Thus "Taxpayer" refers only to Patricia Alexander and "Plaintiffs" includes both Taxpayer and her current husband, David Alexander.

1 / 4

## LIMITATIONS

A two-year statute of limitations applies to damages actions against the Government with respect to IRS collection efforts. 26 U.S.C. § 7433(d)(3). The Government argues that the claim accrued no later than July 8, 2009 when the Taxpayer's representative tried to correct the IRS with respect to the Taxpayer's liability for the 2005 and 2006 tax years. D.E. 1, pp. 5-6, 9; D.E. 42-3, p. 10. Because this action was not filed until May 18, 2012 (D.E. 1), the Government argues that it is over 10 months late and is thus barred.

The Government's position on this matter fails to credit the resolutions that Plaintiffs thought they had achieved in the long and tortured history of this dispute—a history that will not be fully recounted here. Suffice it to say that there are important events that took place in the period between July 8, 2009 (when the Government claims this action accured) and May 18, 2012 (when this action was filed). Those events are confirmed by the Government's own exhibits. First, on March 8, 2010, the Government represented that the taxpayer owed no taxes for the 2005 tax year. D.E. 1, pp. 9-10; D.E. 23-2, p. 3. Second, on May 17, 2010, the Government released Plaintiffs' property from the levy program for the 2006 tax year. D.E. 23-3, p. 3. These facts can be considered to have induced the Plaintiffs to believe that these matters had been resolved as far as collection efforts were concerned even though certain claimed refunds had not yet been issued.

It was within two years prior to suit, on July 2, 2010, that the Government placed its lien on Plaintiffs' property for the 2004 and 2006 tax year liabilities. D.E. 1, p. 6;

D.E. 23-1, p. 3; D.E. 23-3, p. 5.  Then, on March 12, 2012—two months prior to this action—the Government initiated its intent to levy for taxes allegedly owed for the 2005 tax year.  D.E. 1, p. 10; D.E. 42-3, p. 29.  Plaintiffs contend that they did not learn all of the facts to formulate their cause of action until Taxpayer received her IRS records pursuant to a Freedom of Information Act request on August 16, 2011.  D.E. 42, p. 4; D.E. 42-3, p. 9.  It was only after this case was filed that the Government released its lien for all three tax years at issue.  D.E. 23-1, p. 6; D.E. 23-2, p. 5; D.E. 23-3, p. 7.  At the very least, the evidence of record raises a fact issue regarding whether the two-year statute of limitations bars this action.  The Court DENIES the Motion for Summary Judgment on the basis of limitations.

## DAMAGES FOR COLLECTION EFFORTS

The Government challenges the Plaintiffs' claims for damages because (1) their claims arise from wrongful assessments rather than from collection activities; and (2) the categories of damages sought are not authorized by statute.  The Court agrees with the Government that the Plaintiffs do not state a claim under 26 U.S.C. § 7433.  Therefore, the Court need not reach the second issue as to what categories of damages are available under § 7433.

Plaintiffs have successfully claimed that the Government's assessments against Taxpayer for tax years 2004, 2005, and 2006 were erroneous and they have obtained refunds and abatements as a result.  It is undisputed that, with the correction of the erroneous assessments, the Plaintiffs achieved a release of the Government's lien on their property.  D.E. 23-1, p. 6; D.E. 23-2, p. 5; D.E. 23-3, p. 7.  The interference with the

Plaintiffs' property began and ended with the claims made in the form of Government assessments.

Plaintiffs have not provided evidence or argument that the Government's collection activities—as opposed to assessment activities—have caused them any harm. When the government uses legitimate collection measures to assert a lien on property based upon an invalid assessment, no wrongful *collection* activity is demonstrated. *See Gandy Nursery, Inc. v. United States*, 412 F.3d 602, 607 (5th Cir. 2005); *Shaw v. United States*, 20 F.3d 182, 184 (5th Cir. 1994). Furthermore, because David Alexander's rights are governed exclusively by 26 U.S.C. § 7426, he cannot complain of a collection effort arising out of a wrongful assessment because, as to a non-taxpayer, the assessments against the taxpayer are conclusively presumed valid. 26 U.S.C. § 7426(c). Thus Plaintiffs are not entitled to damages for wrongful collection efforts. The Court GRANTS the Motion on the issue of entitlement to relief under 26 U.S.C. § 7433.

## CONCLUSION

For the reasons set out above, the Court DENIES the Motion for Summary Judgment (D.E. 35) as to the defense of failure to exhaust administrative remedies; DENIES the Motion as to the defense of limitations; and GRANTS the Motion as to the Plaintiffs' right to recover under the provisions of 26 U.S.C. § 7433.

ORDERED this 18th day of March, 2013.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE